Maximilian Moss, S.
These are motions by two special guardians and by Elgin Shulsky for leave to intervene in a discovery proceeding commenced by an executor under section 205 of the Surrogate’s Court Act. The discovery proceeding was instituted by the executor during the pendency of the proceeding to settle his account. Respondents are the widow and a daughter of testator, both of whom are beneficially interested in the estate under the provisions of testator’s will. The petition alleges that respondents are in possession of certain stock certificates, which are the property of the testator and should be delivered to the executor. Respondents have filed an answer wherein, among other defenses, they allege that said certificates were given to them by testator as a gift.
Testator died in 1947. His will was duly admitted to probate and letters testamentary thereon issued to petitioner as executor. The petition alleges that petitioner found among testator’s *735 papers an envelope containing a number of stock certificates. Among such certificates were the certificates which are the subject matter of this proceeding, half the number of shares of stock being registered in the name of Hilda Kloner (now Hilda Weinstein) and the others in the name of Sarah Shulsky, both being respondents in this proceeding. Petitioner further alleges that he delivered the certificates to Elgin Shulsky, his brother and a son of testator, then the attorney for the executor and that in 1955 Elgin Shulsky delivered the certificates to respondent Hilda Weinstein.
No proceedings were instituted against respondents to determine the ownership of the said certificates of stock until the present proceeding was commenced October 6,1959. The executor, petitioner herein, was examined in his pending accounting proceeding when a question was raised as to whether the said certificates of stock were ever delivered to respondents by the testator. This proceeding was thereupon commenced by the executor at the request of the special guardians appointed for infant parties in the accounting proceeding.
The motions are opposed by respondents stating that the applicable provisions of the Surrogate’s Court Act require that in a discovery proceeding the only necessary parties are the legal representative of the estate as petitioner and the particular respondents who are alleged to be withholding property belonging to the estate. Respondents contend that other parties interested have an adequate remedy against the executor in the event he is derelict in the performance of his duties and obligations to the estate. The executor does not oppose the motions although he rejects the suggestion that he might not properly pursue the proceeding to recover the certificates of stock, the subject matter of the proceeding. He points out that respondents have set up as an affirmative defense in their answer the executor’s recognition in his account of their title to the certificates and that he is estopped thereby.
Whatever the merits of respondents’ affirmative defense of estoppel against the executor, the unusual and special circumstances here are such as to warrant the granting of the motions for leave to intervene. The certificates were delivered to respondent, Hilda Weinstein, by the attorney for the executor, presumably with the latter’s consent; nothing was done by the executor to have a judicial determination as to the right of the respondents to the certificates for 12 years and then only was this proceeding commenced at the request of the special guardians. All these are special circumstances which appeal to the Surrogate to exercise his discretion to grant the motions. *736 (Matter of Pardee, 238 App. Div. 762.) The proceedings heretofore had herein and now pending for the judicial settlement of the account of the executor have been taken into consideration in the determination of the motions. However they are so involved and complicated that the court feels a consolidation thereof with this discovery proceeding would not serve the end of justice notwithstanding the fact such a consolidation would accomplish the same result as here sought. The motions therefore are granted with leave to all parties in interest to intervene in this proceeding, which shall proceed as an independent proceeding. Settle order on notice.